Action by Carmen Pardo against R.S. Evans — Lakeland, Inc., on common and special counts to recover excess of money received over amount owed upon sale of repossessed automobile. From a judgment for defendant, plaintiff appeals.
Judgment reversed with directions.
An amended declaration consisting of eight counts was filed in the Circuit Court of Polk County, Florida. The first six are common counts and the seventh a special count, and are viz.:
"Carmen Pardo, by Raymond C. Smith, her attorney, sues R.S. Evans, Lakeland, Inc., a corporation for that:
"Count One. Goods Sold — Money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant.
"Count Two. Work and Materials — Work done and materials furnished by the plaintiff for the defendant at its request.
"Count Three. Money Lent — Money lent by the plaintiff to the defendant.
"Count Four. Money Paid — Money paid by the plaintiff for the defendant at its request.
"Count Five. Money Received — Money received by the defendant for the use of the plaintiff.
"Count Six. Accounts Stated — Money found to be due from the defendant to the plaintiff on accounts stated between them.
"Count Seven. And plaintiff further sues the defendant for that: On, to-wit: July 23, 1946, the plaintiff entered into a sale and purchase contract with the defendant by which the plaintiff bought from the defendant a 1941 four-door Pontiac Sedan *Page 308 
automobile for the sale price of $1,403.00. That on said price the plaintiff paid the total sum of $503.00 as the down payment at or prior to the time of delivery of the automobile to her. That the remainder of the purchase price was deferred by agreement between the parties and by which the plaintiff would pay not less than $72.01 on the 25th day of each calendar month thereafter and that under this plaintiff paid the first installment of $72.01 on August 25, 1946.
"That on, to-wit: July 23rd or 25th, by agreement between plaintiff and defendant, and for their convenience as to said deferred payments, the defendant as its alter ego in financing the transaction requested and procured the Commercial Credit Corporation, of Lakeland, Florida, to become the substitute of defendant in the matter of extending credit as to said deferred payment. That on said date the said Commercial Credit Corporation furnished its printed form conditional sales agreement for plaintiff and defendant to sign and which was signed and delivered and thus became of full force and effect (a duplicate nor copy of which was delivered to plaintiff at that time or any other time but a substantial copy of the material portion of the said contract is attached hereto and made a part hereof. The reason an exact copy is not attached is because defendant's attorney says defendant does not have the original or a copy. And upon inquiry at office of said Commercial Credit Corporation, plaintiff's attorney was advised that the original contract was lost or misplaced and that only memoranda remained. That the attached copy was made from such memoranda). That it was the intention and effect of said instrument that defendant have a retention title contract as to the car which was done. That the defendant thereupon or immediately sold said contract to said Commercial Credit Corporation (substantial copy of said sale agreement and the assignment and endorsement being also attached hereto and made a part hereof).
"That plaintiff paid the first payment of $72.01 to said Commercial Credit Corporation for which she and defendant received due credit. That thereafter by agreement between them, the Commercial Credit Corporation, to-wit: reassigned said retain title contract to defendant and defendant repossessed the said automobile from plaintiff under the terms of said retain title contract and resold said car to another for, to-wit: the sum of $1,140.00. That defendant received and still retains the said sum of, to-wit: $1,140.00. That at the time of said repossession of the car plaintiff only owed a balance of, to-wit: $828.00. That said retain title contract between plaintiff and defendant provides, among other things, and for a valuable consideration received that in the event of a resale thereof by defendant to another that `purchaser shall pay any remaining balance forthwith as liquidated damages for the breach of this contract and shallreceive any surplus' (italics supplied). That defendant has received and unjustly retains the sum of, to-wit: $312.00, which it owes to plaintiff with the interest thereon and which is past due and unpaid.
"That said automobile was surrendered to defendant within to-wit: forty or fifty days after sale to plaintiff and the charges for insurance were not earned.
"That the records in the office of the Secretary of State of the State of Florida show a record of and that there is a corporation of the name and address as follows: R.S. Evans — Lakeland, Inc., 122 W. Lemon Street, Lakeland, Florida. That it was incorporated under the laws of the State of Florida on January 18, 1946. And it is still in existence at this time. Said office also shows that there was a corporation by the name of R.S. Evans U-Drive-It, Inc., incorporated under the laws of Florida on October 25, 1945, with its principal place of business in Miami, Florida, and not in Lakeland, Florida.
"That the records in the office of the Motor Vehicle Commissioner of the State of Florida show that on April 1, 1946, title to said automobile was transferred to R.S. Evans, 122 W. Lemon, Lakeland, and on the same date title to said automobile was transferred from R.S. Evans to R.S. Evans-U-Drive-It, Inc., 122 W. Lemon, Lakeland, Florida, which transferred it to William F. Brooks on October 30, 1946, for the sum of $1,140.00. *Page 309 
"That there was not during the year 1946 nor up to the time of the filing of this suit any one or any corporation using the name of R.S. Evans, 122 W. Lemon, Lakeland, Florida, except the defendant R.S. Evans, Lakeland, Inc. That when the name of R.S. Evans, 122 W. Lemon, Lakeland, Florida, or the name of R.S. Evans, U-Drive-It, Inc., 122 W. Lemon, Lakeland, Florida, and has been used, then it has been used inadvertently or erroneously instead of the name of the defendant or, else, in all events as the alter ego of this defendant and to the extent that transactions hereunder or plaintiff's rights affected, it is the same as though the defendant's exact name was used.
"The said office of the Secretary of the State of Florida does not show a record of a corporation by the name of R.S. Evans U-Drive-It, Inc., having its place of business at 122 W. Lemon, Lakeland, Florida, and does not show any other corporation at 122 W. Lemon, Lakeland, Florida, except the defendant corporation. That there is no R.S. Evans, R.S. Evans U-Drive-It, Inc., at 122 W. Lemon, Lakeland, Florida, or any other company or corporation there except the defendant."
The bill of particulars is viz.:
 "October 20, 1946.
"To R.S. Evans, Lakeland, Inc.
 122 West Lemon Street, Lakeland, Florida:
For Resale of 1941 Pontiac Sedan, $1,140.00
Balance owing by Carmen Pardo
 on purchase price, 828.00
 _________
Amount due Carmen Pardo, $ 312.00
(Note: This is considered as part of Counts I, II, III, IV, V, VI
 and VII of plaintiff's amended declaration."

The lower court entered an order sustaining a demurrer to the amended declaration and required the filing of an amended declaration within a named period of time. We are reviewing the order requiring the filing of an amended declaration. Pertinent grounds of the demurrer are viz.: (1) the amended declaration failed to state a cause of action; (2) the amended declaration is vague, indefinite and uncertain; (3) the cause of action, if any, is not against the defendant; (4) the amended declaration is duplicitous and maltifarious; (5) Counts 7 and 8 attempt to plead matters of evidence; (6) the several counts are inconsistent. Counsel for plaintiff below declined to file an amended declaration and an order was entered dismissing the suit. Plaintiff appealed.
Counts one to six, inclusive, are in substantial compliance with the language of our statute. See Section 51.03, F.S.A. It will be observed that the bill of particulars is attached to and by appropriate language made a part of not only counts one to six of the amended declaration but to count seven thereof. Since counts one to six are couched in the language of Section 51.03, supra, and no attack was made on the bill of particulars made a part thereof, we are unable to appreciate the legal merits of the order sustaining the demurrer in the court below, thereby holding these counts fatally defective.
As to count seven, when considered in its entirety, it cannot be said that it is fatally defective. It is true that some of the language therein is not relevant, pertinent or germane to the controversy, but these allegations can or may be stricken by motion to strike or motion for compulsory amendment as prescribed by statute. We have before us only the legal sufficiency of count seven. We hold with the court below that count eight of the amended declaration is legally insufficient. The judgment of dismissal is reversed with directions to overrule the demurrer as to counts one to seven, inclusive, and sustain the same as to count eight.
It is so ordered.
ADAMS, C.J., TERRELL and SEBRING, JJ., concur. *Page 310